14-2513
Qian v. Lynch

BIA
Nelson, IJ
A088 530 534

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

GUIYUE QIAN,
> *Petitioner,*

v.                                                      14-2513
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Giacchino J. Russo, Flushing, New York.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guiyue Qian, a native and citizen of People's Republic of China, seeks review of a June 18, 2014, decision of the BIA affirming a September 11, 2012, decision of an Immigration Judge ("IJ") denying Qian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guiyue Qian,* No. A088 530 534 (B.I.A. June 18, 2014), *aff'g* No. A088 530 534 (Immig. Ct. N.Y. City Sept. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA did not consider (the IJ's adverse credibility determination). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Substantial evidence supports the agency's determination that Qian failed to establish a well-founded fear of persecution on account of her involvement with the Chinese Democracy Justice Party ("CDJP") in the United States.

In order "to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating h[er] story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009).

The only evidence Qian proffered in support of her contention that Chinese officials had discovered her CDJP activities was her testimony that her daughter had informed her over the telephone that officials had visited her on three

occasions and made threats related to Qian's CDJP activities. The agency did not err in finding that a letter from Qian's daughter corroborating this testimony was reasonably available and expected under the circumstances. The agency was not compelled to credit Qian's explanation that her daughter did not write a letter because she was being monitored by Chinese government officials. Officials purportedly had asked Qian's daughter to relay their threats to Qian, and had not interfered with their phone conversations or repeated the threats during the three years preceding Qian's hearing in 2012. *See Chuilu Liu*, 575 F.3d at 196-97; *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision regarding the weight to afford evidence that officials were aware of petitioner's pro-democracy activities in the United States). Accordingly, the agency was not compelled to conclude that Qian established that Chinese authorities are aware of her CDJP activities in the United States. *See Chuilu Liu*, 575 F.3d at 198-99; *see also Hongsheng Leng*, 528 F.3d at 143.

Nor did Qian's evidence show that Chinese authorities are likely to become aware of her political activities in the United States. Qian submitted two articles and a summary of the

4

content of a video that she purportedly prepared and published on the CDJP website. However, these submissions did not indicate that they were published on the internet and she did not otherwise corroborate their publication. She thus failed to demonstrate that they were available online for Chinese authorities to discover.

Even if Qian's articles and video are available online, we have rejected as unlikely the suggestion "that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online" and found speculative claims that the Chinese government may discover a single article or two published on the internet years later. *Y.C.*, 741 F.3d at 334 (citing *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best")). Qian testified that she no longer maintains contact with CDJP members. She also has not published an article on the CDJP website since 2009, and was last threatened by Chinese officials that same year. Since that time, Qian has obtained a Chinese passport, her daughter has attended a government-run college, and they have communicated by phone without incident or threats.

Therefore, despite record evidence that the Chinese government monitors and attempts to block pro-democracy activity on the internet, the agency was not compelled to conclude that Chinese officials are likely to discover Qian's limited CDJP activities, particularly given her lack of any CDJP involvement for the three years preceding her hearing. *See id.* at 334, 336-37.

Because Qian failed to satisfy her burden to demonstrate that authorities are aware or likely to become aware of her political activities in the United States, substantial evidence supports the agency's determination that she failed to establish a well-founded fear of persecution. *See Hongsheng Leng*, 528 F.3d at 142. That finding was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We do not consider Qian's unexhausted and waived arguments. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk